**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**September 4, 2020**

**FOR THE TENTH CIRCUIT**
_____

**Christopher M. Wolpert**
**Clerk of Court**

W. CLARK APOSHIAN,

    Plaintiff - Appellant,

v.

WILLIAM BARR, Attorney General of the
United States; UNITED STATES
DEPARTMENT OF JUSTICE; THOMAS
E. BRANDON, Acting Director Bureau of
Alcohol Tobacco Firearms and Explosives;
BUREAU OF ALCOHOL TOBACCO
FIREARMS AND EXPLOSIVES,

    Defendants - Appellees.

------------------------------

CATO INSTITUTE AND FIREARMS
POLICY COALITION; DUE PROCESS
INSTITUTE,

    Amicus Curiae.

No. 19-4036
(D.C. No. 2:19-CV-00037-JNP-BCW)
(D. Utah)

_____

**ORDER**
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, **LUCERO**, **HARTZ**, **HOLMES**,
**MATHESON**, **BACHARACH**, **PHILLIPS**, **MORITZ**, **EID**, and **CARSON**, Circuit
Judges.[*]

_____

[*] The Honorable Carolyn B. McHugh is recused in this matter.

This matter is before us on Appellant's *Petition for Rehearing En Banc* ("Petition"). We also have a response from Appellees, and Appellant has filed a motion for leave to file a reply in support of the Petition. As an initial matter, Appellant's motion for leave to file a reply is DENIED as unnecessary.

The Petition and response were circulated to all non-recused active judges of the court. A poll was called, and a majority of the non-recused active judges voted to rehear this matter en banc. Accordingly, the Petition is GRANTED, the court's May 7, 2020 judgment is VACATED, and this matter is REOPENED. *See* Fed. R. App. P. 35(a); *see also* 10th Cir. R. 35.6 (noting the effect of the grant of en banc rehearing is to vacate the judgment and to restore the case on the docket).

Although this entire case will be reheard en banc, the parties shall specifically address the following question[s] in supplemental memorandum briefs:

1.     Did the Supreme Court intend for the *Chevron* framework to operate as a standard of review, a tool of statutory interpretation, or an analytical framework that applies where a government agency has interpreted an ambiguous statute?

2.     Does *Chevron* step-two deference depend on one or both parties invoking it, i.e., can it be waived; and, if it must be invoked by one or both parties in order for the court to apply it, did either party adequately do so here?

3.     Is *Chevron* step-two deference applicable where the government interprets a statute that imposes both civil and criminal penalties?

4.     Can a party concede the irreparability of a harm; and, if so, must this court honor that stipulation?

5.     Is the bump stock policy determination made by the Bureau of Alcohol, Tobacco and Firearms peculiarly dependent upon facts within the congressionally vested expertise of that agency?

Appellant's supplemental memorandum brief shall be filed and served within 30 days of the date of this order, and shall be no longer than 20 double-spaced pages in a 13- or 14-point font. Sixteen paper copies of Appellant's supplemental brief must be received in the Clerk's Office within 5 business days of the brief's electronic filing.

Within 30 days of service of Appellant's supplemental brief, Appellees shall file a supplemental memorandum response brief subject to the same length and font limitations. Sixteen paper copies of Appellees' supplemental brief must be received in the Clerk's Office within 5 business days of the brief's electronic filing.

Within 14 days of service of Appellees' supplemental brief, Appellant may file a reply. The reply shall be limited to 10 double-spaced pages in length. Like the primary supplemental briefs, 16 paper copies of the reply must be received in the Clerk's Office within 5 business days of the brief's electronic filing.

Upon completion of supplemental briefing, this matter will be set for oral argument before the en banc court. The parties will be advised of the date and time for the en banc argument via separate order.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk